UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Key West Division

Case No. _____

OLIVIA REYES,

    Plaintiff,

vs.

BLUE CROSS AND BLUE SHIELD
OF FLORIDA, INC. and FLORIDA
KEYS AQUEDUCT AUTHORITY,

    Defendants.
_____/

**DEFENDANT BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC.'S
NOTICE OF REMOVAL**

Defendant Blue Cross and Blue Shield of Florida, Inc. ("Florida Blue"), pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, removes this action from the Circuit Court of the Sixteenth Judicial Circuit in and for Monroe County, Florida to the Key West Division of the United States District Court for the Southern District of Florida, and in support thereof, states:

**BASIS FOR REMOVAL**

1. Florida Blue removes this action because Plaintiff's amended complaint alleges a federal claim within this Court's original federal question jurisdiction and alternative Florida state law claims within this Court's supplemental jurisdiction.

**PROCEDURAL REQUIREMENTS**

2. On January 30, 2021, Plaintiff Olivia Reyes ("Plaintiff") filed her First Amended Complaint for Damages and Demand for Jury Trial ("Amended Complaint") in the Circuit Court of the Sixteenth Judicial Circuit in and for Monroe County, Florida in the action styled as *Olivia Reyes v. Blue Cross and Blue Shield of Florida, Inc. d/b/a Florida Blue and Florida Keys Aqueduct Authority*, Case No. 20-0745 (the "State Court Action").

1

3. Pursuant to 28 U.S.C. § 1446(b)(3), Florida Blue files this notice of removal within 30 days of receipt of the Amended Complaint, the "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

4. Pursuant to 28 U.S.C. § 1446(a), attached as **Exhibit A** are copies of all process, pleadings, orders, and other papers or exhibits served on Florida Blue or filed in the State Court Action as of the date of removal.

5. The Key West Division of the United States District Court for the Southern District of Florida embraces the county in which the State Court Action is pending and, thus, this Court is the proper forum for removal pursuant to 28 U.S.C. § 89(c) and 1441(a).

6. Pursuant to 28 U.S.C. § 1446(b)(2), co-Defendant Florida Keys Aqueduct Authority consents to removal. *See* **Exhibit B**.

7. In accordance with 28 U.S.C. § 1446(d), a copy of this notice of removal is being served on all parties and a copy also is being filed with the Clerk of the Circuit Court of the Sixteenth Judicial Circuit in and for Monroe County, Florida.

8. A filing fee of $400.00 is being tendered to the Clerk of the United States District Court for the Southern District of Florida.

## THE STATE COURT ACTION

9. Plaintiff is covered under a self-funded health benefits plan for eligible participants of the Florida Keys Aqueduct Authority (the "Plan"). *See* Am. Compl. ¶¶ 6-8.

10. Florida Blue provides administrative services to the Plan, such as "claims processing and payment services, customer service, utilization review services, and access to a network of independent contracting Providers," under an administrative services agreement with the Florida Keys Aqueduct Authority. *See id.* ¶ 11.

11. According to Plaintiff, from August 20, 2019, through September 27, 2019, Plaintiff received medical treatment at South Miami Hospital. *See id.* ¶¶ 15-16.

12. South Miami Hospital submitted a claim under the Plan. *See id.* ¶ 17.

13. Plaintiff alleges the denial of the claim breached the Plan. *See id.* ¶¶ 21-22, 26-27.

14. Plaintiff also alleges the denial of the claim "violated state and Federal laws which require coverage for emergency services." *See id.* ¶ 28.

15. Plaintiff asserts four alternative causes of action premised on denial of the claim: breach of contract (Counts I and IV), breach of fiduciary duty (Counts II and V), declaratory judgment (Counts III and VI), and breach of third-party beneficiary contract (Count VII). *See id.* ¶¶ 29-114.[1]

## COUNTS III AND VI FOR DECLARATORY JUDGMENT

16. In Counts III and VI, Plaintiff requests a declaration that Defendants violated the federal Patient Protection and Affordable Care Act ("ACA").

17. Plaintiff alleges that Defendants "must follow all of the mandates set forth in the ACA." *See* Am. Compl. ¶¶ 46, 93.

18. Plaintiff also alleges that the "ACA mandates coverage for emergency medical services." *See id.* ¶¶ 49 and 96; *see also id.* ¶¶ 50 and 97 ("Plaintiff asserts that the coverage available under the [Plan] must include payment for emergency medical services.").

19. Plaintiff further alleges that "[t]he claim denials were in contravention of [the ACA] because emergency medical services are considered Essential Health Benefits as defined by Federal law." *See id.* ¶¶ 45, 92.

---

[1] The Amended Complaint contains two separate paragraphs each numbered 42 and omits any paragraphs numbered 63 through 73.

20. Plaintiff appears to assert this claim under 42 U.S.C. § 18022.[2]

21. Plaintiff explicitly requests a declaration that Defendants violated the ACA. *See id.* ¶¶ 48 and 95 ("Plaintiff is in doubt and/or uncertain regarding the actual facts as related to the [sic] whether the actions taken by Florida Blue under the guise of the [Plan]'s terms and conditions violate the ACA."), ¶¶ 49 and 96 (requesting the Court to decide "whether [Defendants'] actions in application of the [Plan] to Plaintiff's claims are in compliance with Federal law"), ¶¶ 51 and 98 ("Plaintiff has a bona fide, actual, present and practical need for an objective determination to the actual facts so the Court can make a determination as to whether the Insured's rights were violated under the ACA."), ¶¶ 52 and 99 (requesting the Court to "decide[] that Defendant[s] violated the Plaintiff's Rights under . . . the ACA"), ¶¶ 55 and 102 ("Plaintiff is asking the Court to declare the rights of the Plaintiff under . . . the ACA."), pp. 10 and 15 (requesting the Court to declare that Defendants "violated ACA").

22. To the extent Counts III and VI also request a declaration that Defendants breached the Plan, *see* Am. Compl. ¶¶ 42, 45, 49, 52, 55, 89, 92, 96, 99, 102, pp. 10, 15, that request is separable from Plaintiff's request for a declaration that Defendants violated the ACA.[3]

---

[2] Plaintiff's citation to 42 U.S.C. § 18001 in Paragraphs 45 and 92 appears to be an error. 42 U.S.C. § 18001 concerns the immediate access to insurance for uninsured individuals with a preexisting condition. Plaintiff makes no allegation related to any preexisting condition. In contrast, Section 1302(b) of the ACA, which Plaintiff also cites in Paragraphs 45 and 92, was codified at 42 U.S.C. § 18022 and concerns "essential health benefits."

[3] Indeed, if Counts III and VI did not include a separable request for a declaration that Defendants violated the ACA, they would be duplicative of Counts I and IV for breach of the Plan.

## FEDERAL QUESTION JURISDICTION

23. This Court has removal jurisdiction over this action because the Amended Complaint alleges a federal claim that arises under federal law and therefore is within this Court's original federal question jurisdiction under 28 U.S.C. § 1331.[4]

24. This Court has federal question jurisdiction over Counts III and VI for declaratory judgment because Counts III and VI assert separable claims for violation of the ACA and, to the extent any cause of action exists, that cause of action is created by federal law.

25. A claim arises under federal law if: (1) federal law creates the cause of action; or (2) the right to relief necessarily depends on resolution of a substantial question of federal law. *See Gunn v. Minton*, 568 U.S. 251, 256-57 (2013).

26. A claim that pleads violation of both state and federal law is within this Court's original federal question jurisdiction.  *See Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194-95 (2d Cir. 2005).

27. A declaratory judgment is a vehicle for remedy of otherwise existing substantive rights. *See Coccaro v. GEICO Gen. Ins. Co.*, 648 Fed. Appx. 876, 881 (11th Cir. 2016); *see also Innova Inv. Grp., LLC v. Vill. of Key Biscayne*, No. 19-CV-22540, 2020 U.S. Dist. LEXIS 215538, at *6 (S.D. Fla. Nov. 18, 2020).

28. "The law is now well-settled that when a state law declaratory judgment action is removed to federal court, it is the nature of the coercive action that determines whether federal question jurisdiction exists." *Brocato v. Angelo Brocato Ice Cream & Confectionery, Inc.*, No. 03-CV-1316, 2003 U.S. Dist. LEXIS 15308, *5 (E.D. La. Aug. 22. 2003) (citing *Franchise Tax*

---

[4] Although Plaintiff's original complaint alleged that "[t]he claim denials were also in contravention of the [Plan] because emergency medical services are considered Essential Health Benefits as defined by Federal law," *see* Complaint ¶ 16, Plaintiff limited that allegation to a state law cause of action for breach of the Plan.

*Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 17-22 (1983)) (finding federal question jurisdiction because state declaratory judgment action sought relief with respect to defendant's federal trademark rights).

29.   A state law declaratory judgment cause of action that seeks a declaration of rights under a federal statute arises under federal law.   *See First Fed. Sav. & Loan Ass'n v. Brown*, 707 F.2d 1217, 1221 (11th Cir. 1983) ("Where the rights which plaintiff asserts would be supported if a federal statute or regulation is given one construction and defeated if given another, federal question jurisdiction exists."); *see also Cty. of St. Charles v. Mo. Family Health Council*, 107 F.3d 682, 684 (8th Cir. 1997); *Qualified Settlement Funds Tr. For Teague v. United HealthCare of Fla., Inc.*, No. 19-CV-0918, 2019 WL 5188385, at *4 (M.D. Fla. Jul. 12, 2019), *report and recommendation adopted by* 2020 WL 7426435 (M.D. Fla. Jan. 22, 2020); *Esteves v. Sun Trust Banks; Inc.*, No. 13-CV-1881, 2014 U.S. Dist. LEXIS 33437, *10 (M.D. Fla. Feb. 24, 2014), *report and recommendation adopted by* 2014 U.S. Dist. LEXIS 33781 (M.D. Fla. Mar. 14, 2014); *Baker v. Autos, Inc.*, No. 12-CV-0007, 2012 U.S. Dist. LEXIS 54934, *9-10 (D.N.D. Apr. 19, 2012); *Tex. First Nat'l Bank v. Wu*, 347 F. Supp. 2d 389, 394-96 (S.D. Tex. 2004).

30.   A federal district court also has jurisdiction to determine whether a federal statute prescribes a private right of action.   *See Parra v. Pacificare of Ariz., Inc.*, 715 F.3d 1146, 1151-52 (9th Cir. 2012); *In re Gen. Motors Corp.*, 3 F.3d 980, 983 (6th Cir. 1993); *see also Texas v. Ysleta del Sur Pueblo*, No. 17-CV-0179, 2018 U.S. Dist. LEXIS 54042, at *8 (W.D. Tex. Mar. 29, 2018) ("[F]ederal courts retain jurisdiction over cases arising under federal law regardless of whether the court ultimately determines that a plaintiff has a right of action under the pertinent federal statute.").

31. Counts III and VI arise under federal law because they allege Defendants violated the ACA and seek a declaration under the ACA.

32. Adjudication of Counts III and VI also require determination of whether 42 U.S.C. § 18022, and any other provision of the ACA upon which Plaintiff relies, prescribes a private right of action. Florida Blue has not located case law determining whether 42 U.S.C. § 18022 prescribes an express or implied private right of action.

33. Because Counts III and VI, in whole or in part, arise under federal law, this Court has removal jurisdiction over the State Court Action.

## SUPPLEMENTAL JURISDICTION

34. Pursuant to 28 U.S.C. §§ 1367(a) and 1441(c), this Court has supplemental jurisdiction over the remaining state law claims, because those claims are so related to the claims within the original jurisdiction of the Court that they form part of the same case or controversy under Article III of the United States Constitution.

35. All counts in the Amended Complaint assert the same claim for medical services rendered at South Miami Hospital from August 20, 2019, through September 27, 2019.

36. Plaintiff's causes of action in Counts I, II, IV, V, and VII are alternate legal theories based on this same transaction or occurrence.

37. None of the discretionary exceptions to this Court's exercise of supplemental jurisdiction enumerated in 28 U.S.C. § 1367(c) are present.

38. None of the state law claims—common law claims for breach of contract and breach of fiduciary duty—raise novel or complex issues of state law. *See id.* § 1367(c)(1).

39. The state law claims do not substantially predominate over the claim over which this Court has original jurisdiction. *See* 28 U.S.C. § 1367(c)(2).

40. As of the filing of this notice of removal, the Court has not dismissed all claims over which it has original jurisdiction. *See id.* § 1367(c)(3).

41. There are no "exceptional circumstances" or "compelling reasons" to decline supplemental jurisdiction. *See id.* § 1367(c)(4).

## CONCLUSION

**WHEREFORE**, Defendant Blue Cross and Blue Shield of Florida, Inc. respectfully submits this notice of removal and requests that the Court grant it any other and further relief as the Court deems just and proper.

**FOLEY & LARDNER LLP**

By:     */s/ Justin B. Uhlemann*
Justin B. Uhlemann (FBN 568872)
*juhlemann@foley.com*
Angelica L. Novick (FBN 105069)
*anovick@foley.com*
One Biscayne Tower
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305.482.8400
Facsimile: 305.482.8600

Katlin C. Cravatta (FBN 113258)
*kcravatta@foley.com*
111 North Orange Avenue, Suite 1800
Orlando, Florida 32801
Telephone: 407.423.7656
Facsimile: 407.648.1743

*Counsel for Defendant*
*Blue Cross and Blue Shield of Florida, Inc.*